# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-830V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
TISSA ABEYRATNE,                              *
                                              *
                   Petitioner,                *      Filed: October 14, 2016
                                              *
            v.                                *      Decision by Stipulation; Damages;
                                              *      Influenza Vaccine; Neuromyelitis
SECRETARY OF HEALTH AND                       *      Optica and Transverse Myelitis
HUMAN SERVICES                                *
                                              *
                   Respondent.                *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## DECISION

**HASTINGS, Special Master**.

      This is an action seeking an award under the National Vaccine Injury Compensation Program[1] on account of an injury suffered by Tissa Abeyratne.  On October 11, 2016, counsel for both parties filed a Stipulation, stipulating that a decision should be entered granting compensation.  The parties have stipulated that Petitioner shall receive the following compensation for all damages that would be available under 42 U.S.C. §300aa-15(a):

    *1.  Lump Sum*

      Respondent shall make a lump sum payment of $339,243.49, in the form of a check payable to Tissa Abeyratne, representing compensation for first year life care expenses ($133,035.40), pain and suffering ($200,000.00), and past unreimbursable expenses ($6,208.09).

---

[1] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq.* (2012 ed.).  Hereinafter, for ease of citation, all "§" references will be to 42 U.S.C. (2012 ed.).

*2. Annuity*

I consider it in best interest of Tissa Abeyratne that all remaining damages available under 42 U.S.C. §300aa-15(a) be paid in the form of an annuity contract, which shall be purchased as soon as practicable after entry of judgment. Accordingly, pursuant to 42 U.S.C. § 300aa-15(f)(4), I order Respondent to purchase, and take ownership of, an annuity contract,[2] as described below.

Each Life Insurance Company must meet the following criteria:

1) have a minimum of $250,000,000 of capital and surplus, exclusive of any mandatory security valuation reserve; and

2) have one of the following ratings from two of the following rating organizations:
   a) A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
   b) Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
   c) Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
   d) Fitch Credit Rating Company, Insurance Company Claims-Paying Ability Rating: AA-, AA, AA+, or AAA.

The Secretary of Health and Human Services shall purchase an annuity contract from the Life Insurance Company for the benefit of Petitioner, Tissa Abeyratne, pursuant to which the Life Insurance Company will agree to make payments periodically to Petitioner as described in paragraph 10 of the attached Stipulation.

Under the statute governing the Program, as well as the "Vaccine Rules" adopted by this court, the special master must now enter a decision endorsing that Stipulation, and the clerk must enter judgment, in order to authorize payment of the award. See § 300aa-12(d)(3)(A) and (e)(3); § 300aa-13(a); Vaccine Rules 10(a), 11(a).[3]

I have reviewed the file, and based on that review, I conclude that the parties' Stipulation appears to be an appropriate one. My decision is that a Program award shall be partly in the form of a lump sum payment, and partly in the form of an annuity. Accordingly, pursuant to the terms of the parties' Stipulation, I award Petitioner:

• a lump sum payment of $339,243.49, in the form of a check payable to Petitioner; and

• an annuity contract, pursuant to which the Life Insurance Company will make

---

[2]To satisfy the conditions set forth herein, in respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3]The "Vaccine Rules of the United States Court of Federal Claims" are found in Appendix B of the Rules of the United States Court of Federal Claims.

>periodic payments to Petitioner, as described in paragraph 10 of the attached Stipulation.

In the absence of a timely-filed motion for review of this Decision, the Clerk of this court shall enter judgment in accordance herewith.

**IT IS SO ORDERED.**

                                                  /s/ George L. Hastings, Jr.
                                                    George L. Hastings, Jr.
                                                    Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TISSA ABEYRATNE,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES<br><br>            Respondent. | No. 14-830V<br>Special Master Moran |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Tissa Abeyratne, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a flu immunization on September 21, 2011.

3. The vaccination was administered within the United States.

4. Petitioner alleges that he suffered neuromyelitis optica and transverse myelitis as a result of receiving the flu vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner to suffer from neuromyelitis optica and transverse myelitis or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $339,243.49 which amount represents compensation for first year life care expenses ($133,035.40), pain and suffering ($200,000.00), and past unreimbursable expenses ($6,208.09), in the form of a check payable to petitioner; and

   b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.  A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b.  Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Tissa Abeyratne, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

a. For future unreimbursable Primary Care Physician, Neurologist, Ophthalmologist (Neuro and Retinal), Urologist, Gastroenterologist, Future Specialist, and Hiprex expenses, beginning on the first anniversary of the date of judgment, an annual amount of $275.67 to be paid for the remainder of petitioner's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

b. For future unreimbursable Vitamin D3, Colace, Senokot, Suppository, Enemeez, and Cortisone Cream expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,253.57 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

c. For future unreimbursable Physical Therapy and Occupational Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $140.00 to be paid up to the second anniversary of the date of judgment. Then, beginning on the second anniversary of the date judgment, an annual amount of $80.00 to be paid up to the anniversary of the date of judgment in year 2025. Thereafter, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $495.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

d. For future unreimbursable Massage Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $300.00 to be paid up to the anniversary of the date of judgment in year 2021, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

e. For future unreimbursable Wheelchair Carrying Pack, Wheelchair Glove, Wheelchair Cushion, Cushion Cover, Manual Wheelchair, Bedside Commode, Over the Bed Table, Shower Transfer Bench, Hand Held Shower, Hand Held Reacher, Theraband, and Lifeline expenses, beginning on the first anniversary of the date of judgment, an annual amount of $730.41 to be paid up to the anniversary of the date of judgment in year 2019. Then, on the anniversary of the date of judgment in year 2019, a lump sum of $755.57. Thereafter, beginning on the anniversary of the date of judgment in year 2020, an annual amount of $735.44 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

f. For future unreimbursable Glove, Hand Sanitizer, Chux, and Waterproof Overlay expenses, beginning on the first anniversary of the date of judgment, an annual amount of $418.73 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

g. For future unreimbursable YMCA and Home Health Aid expenses, beginning on the first anniversary of the date of judgment, an annual amount of $45,572.75 to be paid up to the anniversary of the date of judgment in year 2025. Thereafter, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $58,873.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Tissa Abeyratne, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Tissa Abeyratne's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on September 21, 2011,

as alleged by petitioner in a petition for vaccine compensation filed on or about September 8, 2014, in the United States Court of Federal Claims as petition No. 14-830V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's neuromyelitis optica and transverse myelitis or any other injury or his current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/

/

/

/

/

/

/

Respectfully submitted,

PETITIONER:

_____
TISSA ABEYRATNE

ATTORNEY OF RECORD FOR
PETITIONER:

_____
RONALD C. HOMER  *Rule 83.1(c)(2)*
Conway, Homer, & Chin-Caplan, P.C.
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-1990

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_____
NARAYAN NAIR, M.D.
Acting Director, Division of
 Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop -08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
CAMILLE M. COLLETT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4098

Dated: 10/11/2016

8